UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALEXIS QUINTERO, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 12-11606-JGD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PARTIES' PENDING MOTIONS
AND REQUESTS FOR RULINGS BY THE COURT**

January 15, 2013

DEIN, U.S.M.J.

During the Final Pretrial Conference held on January 13, 2014, this court heard argument on the plaintiff's request for a finding of spoliation (see Docket No. 51 at 9), on the "Defendant's Motion *in Limine* to Exclude Evidence of Its Post-Accident Activities and 'Investigation'" (Docket No. 49), and on the defendant's motions *in limine* to exclude various reports and documents (see Docket No. 48 at 3-4). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

1.   The plaintiff's request for a finding of spoliation based on the deletion of photographs taken by postal service employees is **DENIED WITHOUT PREJUDICE**. "When [evidence] relevant to an issue in a case is destroyed, the trier of fact sometimes may infer that the party who obliterated it did so out of a realization that the contents were unfavorable." Blinzler v. Marriott Int'l, 81 F.3d 1148, 1158 (1st Cir. 1996).

However, "[b]efore such an inference may be drawn, there must be a sufficient foundational showing that the party who destroyed the [evidence] had notice both of the potential claim and of the document's potential relevance." Id. at 1159.  Even if there is such a showing, "the adverse inference is permissive, not mandatory." Id.  The First Circuit has emphasized that the inference must "make sense in the context of the evidence[.]" United States v. Laurent, 607 F.3d 895, 903 (1st Cir. 2010).

    At this stage in the proceedings, the plaintiff has not shown that the defendant's loss of photographs taken at the accident scene justifies an adverse inference based on spoliation.  As an initial matter, the plaintiff has not presented evidence showing that the loss of the photographs was intentional rather than accidental.  Moreover, he has not shown that an adverse inference makes sense in the context of this case.  There is no dispute that a professional photographer from the local newspaper was at the scene of the accident, and took photographs that have been marked as an exhibit for trial.  Accordingly, the plaintiff has not been deprived of photographs taken just after the incident occurred.  More importantly, there is no suggestion that the accident occurred in any type of unique setting.  It is undisputed that the accident took place at an ordinary intersection, which is freely accessible to the public and has remained generally the same since the time of the events at issue.  Consequently, there is no reason why the plaintiff could not have taken his own set of photographs, either shortly after the accident occurred or at any time since then.  Furthermore, discovery has disclosed the type of truck that was involved in the accident, and the position of the driver as she was operating the truck.  If

the plaintiff wanted images that would capture the view of the intersection from the driver's perspective, he could have made arrangements to do so on his own.  Therefore, the plaintiff has not shown that he has suffered any prejudice as a result of the defendant's conduct.  His request for a finding of spoliation is denied without prejudice to the plaintiff's ability to explore the matter further at trial, and to raise the issue again, if appropriate, at a later point in the proceedings.

2. The defendant's motion *in limine* to exclude evidence of its post-accident activities and investigation, including reports relating to its investigation, is **DENIED WITHOUT PREJUDICE**.  It is undisputed that postal service employees performed these activities immediately following the accident, in order to carry out their obligations under the postal service's policy of investigating accidents involving its vehicles.  As reflected in the reports of the investigation, which were prepared by the acting Postmaster, Rae J. Grenon, those activities included a visit to the accident scene, as well as discussions with Maureen Lindsay, the driver of the truck involved in the accident.  Therefore, they are likely to shed light on the circumstances of the accident, and are relevant to the matters at issue in this case.

This court also finds that the reports of the post-accident investigation are admissible because they constitute non-hearsay admissions of a party opponent. Under Fed. R. Evid. 801(d)(2)(D), a statement is not hearsay where it is "offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]"  It is undisputed that Mr. Grenon was

acting within the scope of his employment by the postal service at the time he completed the reports and submitted them in accordance with his employer's policy.  Consequently, the plaintiff is entitled to offer them into evidence against the Government at trial.  See English v. Dist. of Columbia, 651 F.3d 1, 7 (D.C. Cir. 2011) (finding that internal police department report of investigation into an altercation between police detective and appellant's brother was a party admission under Fed. R. Evid. 801(d)(2)(D), where report's author was acting within the scope of his employment by one of the defendants at the time he prepared and submitted the report); Picker Int'l, Inc. v. Leavitt, 865 F. Supp. 951, 962 (D. Mass. 1994) (finding that statements attributed to plaintiff and contained in reports issued by the Department of Veteran's Affairs were admissible under Fed. R. Evid. 801(d)(2), because they were statements by a representative of the plaintiff).

With respect to the Government's request that Mr. Grenon's conclusions be stricken from the reports because they constitute improper lay witness opinions under Fed. R. Evid. 701, or because their probative value is outweighed by the danger of unfair prejudice to the defendant, this court finds that it would be more appropriate to consider these challenges in connection with the relevant testimony regarding the circumstances under which the conclusions were made, and to determine at that time whether, and to what extent, those conclusions should be considered.  Accordingly, the defendant's request is denied, but nothing herein shall preclude the Government from challenging those conclusions again at an appropriate time during trial.

      3.      The defendant's request to exclude the Milford police report on the

grounds of hearsay (Docket No. 48 at 3) is **DENIED WITHOUT PREJUDICE** to renewal in the context of the trial.  The plaintiff has agreed not to seek admission of the report into evidence until after the relevant witnesses have testified.  To the extent the Government continues to object to the report's admission, it may seek to have it excluded at that time.

   4. The defendant's request to exclude the expert reports of Dr. Pennell and Daniel J. Parkka (Docket No. 48 at 4) on hearsay grounds is **DENIED WITHOUT PREJUDICE** to renewal in the context of the trial.  The plaintiff has agreed not to seek to have these reports admitted into evidence until after the experts have testified and he determines that the reports are necessary.  The Government may seek to have them excluded if and when the plaintiff attempts to admit them.

   5. The defendant's request to exclude the USPS Operator Manual and the USPS Investigation Manual (Docket No. 48 at 4) is **DENIED**.  At the Final Pretrial Conference, the Government stated that it does not object to the documents themselves, but only to the fact that they are voluminous and may cause unnecessary delays in the proceedings.  The plaintiff has agreed to identify the specific portions of the exhibits on which the court should focus its attention.  Therefore, there is no need to exclude them.

             / s / Judith Gail Dein
             Judith Gail Dein
             United States Magistrate Judge